UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DEBORAH JEANE PALFREY
    803 CAPITOL STREET
    VALLEJO, CALIFORNIA 94590

              PLAINTIFF,
VS.

CHARLES SCHWAB & CO., INC.
    5190 NEIL ROAD, SUITE 100
    RENO, NV 89502-8532,

CHARLES SCHWAB BANK, N.A.
    5190 NEIL ROAD, SUITE 100
    RENO, NV 89502-8532, AND

WELLS FARGO & COMPANY,
    420 MONTGOMERY STREET
    SAN FRANCISCO, CA 94104,

              DEFENDANTS.
_____/

CASE NO.:

**COMPLAINT**

**JURY TRIAL REQUESTED**

       Plaintiff, Deborah Jeane Palfrey, sues Defendants, Charles Schwab & Co., Inc., Charles Schwab Bank, N.A. and Wells Fargo & Company, and alleges:

### NATURE OF THIS ACTION

       1.    This is an action for damages, injunctive relief, attorney fees and costs, against Defendants Charles Schwab & Co., Inc., Charles Schwab Bank, N.A. and Wells Fargo & Company, as electronic communications service providers and banks, which intentionally failed to comply with the requirements placed upon them by the *Electronic Communications Privacy Act of 1986,* 18 U.S.C. §2701 *et seq.*, and the *Right to Financial Privacy Act of 1978*, 12 U.S.C. §3401 *et seq.*, and for their willful and intentional in bad faith violation of their responsibilities to Plaintiff under those

1

acts.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to the provisions 28 U.S.C. §1331.

3.      Venue in this district is proper under 28 U.S.C. §1391(b)(1) and (2) as the unauthorized disclosures at issue were made to federal agents in the District of Columbia and the Defendants reside in the District of Columbia.

### PARTIES

4.      Plaintiff is a resident of California and a citizen of the United States and was a customer of Defendants Charles Schwab & Co., Inc. and Charles Schwab Bank, N.A., holding Accounts xxxx-3181, xxxx-3186, and xxxx-3192 and a customer of Defendant Wells Fargo & Company with Accounts xxxx-xx9217 and xxxxxx1417 at all times relevant herein.

5.      Defendants Charles Schwab & Co., Inc. and Charles Schwab Bank, N.A., ("Schwab") are financial institutions authorized to do business in the District of Columbia. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendant Schwab is a business establishment in which money is kept for saving or commercial purposes or is invested, supplied for loans, or exchanged. In Defendant Schwab's own advertising, it promotes its checking and wire transfer abilities for its account holders, typical services a "bank" offers.

6.      Defendant Wells Fargo & Company, ("Wells Fargo") is a financial institution authorized to do business in the District of Columbia. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendant Wells Fargo is a business establishment in which money is kept for saving or commercial purposes or is invested, supplied for loans, or exchanged. In Defendant Wells Fargo's own advertising, it promotes its checking and wire

transfer abilities for its account holders, typical services a "bank" offers.

### GENERAL ALLEGATIONS

7.  The FedWire Fund Transfer System is an electronic funds transfer system which permits dollar fund transfers to be made electronically via leased lines by computer-to-computer coded electronic communications between banks.

8.  The FedWire Fund Transfer System, interconnects through computer-to-computer interface, the twelve Federal Reserve Banks, with over 7,000 "Service Providers" who are the Originating Banks, the Intermediary Banks, and the Beneficiary Banks.

9.  The FedWire Fund Transfer System, which is made up of the 7,000 Service Providers, is an "electronic communication service" which uses "electronic storage" as part of its "electronic communication system" in transmitting electronic fund transfer communications.

10. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that based on its agreements entered into with the FedWire Fund Transfer System, a division of the Federal Reserve Banks, Defendants are within the FedWire electronic communication system.

11. Plaintiff is a customer and/or subscriber of Defendants as those terms are defined in the *Electronic Communications Privacy Act of 1986* and *the Right to Financial Privacy Act of 1978*. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendants use an encrypted communications line with access controls for the transmissions or receipt of payment orders to or from the Federal Reserve. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendants use "electronic storage" to maintain both the contents of the electronic fund transfers communications and financial records

belonging to their customers.

12. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendants are (i) an integral and essential part of the FedWire Fund Transfer System, (ii) use computer modem with decoding devises to both obtain access to and print their customers' financial records and (iii) are "banks" as that terms is defined by the *Right to Financial Privacy Act of 1978*.

13. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that prior to September 29, 2006, the United States Government through its agents issued instructions to Defendants to begin disclosing and providing access to the detailed contents of any financial information in electronic storage – including the contents of electronic communications – pertaining to Plaintiff.

14. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that prior to September 29, 2006, although Defendants knew or should have known that agents of the United States had not complied with the procedures required in (i) 18 U.S.C. §2703(a) to request interception and disclosure of in-transit and/or stored electronic communications and (ii) 12 U.S.C. §3401 *et seq*. to request financial information, it disclosed and permitted access by agents of the United States to the contents of the Plaintiff's stored electronic communications and the contents of financial information of Plaintiff.

15. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendants did enter into an agreement with agents of the United States prior to September 29, 2006, that Defendants would divulge to agents of the United States (i) the financial information contained in Plaintiff's account, and (ii) disclose the contents of Plaintiff's electronic

communications that were in electronic storage regarding her account.

16. Prior to September 29, 2006, neither agents of the U.S. Government nor Defendants provided any written notice or information to Plaintiff regarding the information disclosed to the United States.

17. After a reasonable opportunity for further investigation or discovery, Plaintiff will establish that the actions of Defendants beginning prior to September 29, 2006, in disclosing and providing to agents of the United States access to the contents of stored electronic communication information, which had gone to or was in the account of Plaintiff, was intentional and willful and without "good faith" reliance on a valid legal process as required under 18 U.S.C. §2707(d), and thus violated Plaintiff's rights under the Electronic Communications Act of 1986, 18 U.S.C. §2701 et seq.

**FIRST COUNT**
**ELECTRONIC COMMUNICATIONS PRIVACY ACT**
**LESS THAN 180 DAY ELECTRONIC STORAGE**
**18 U.S.C. 2703(A)**
**DEFENDANT SCHWAB**

18. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

19. Defendant Schwab, beginning sometime prior to September 29, 2006, did willfully and intentionally disclose to federal agents the contents of the Plaintiff's electronic funds transfer communications held in electronic storage for one hundred and eighty days or less, in violation of 18 U.S.C. §2703(a).

20. Such disclosures by Defendant Schwab were made without either a properly issued and served warrant authorized under the Federal Rules of Criminal Procedures or equivalent state statute in violation of 18 U.S.C. § 2703(a).

21. Plaintiff has suffered actual damages as a result of Defendant Schwab's actions.

WHEREFORE, Plaintiff requests that this Court:

    A. Assume jurisdiction of this action as to Defendant Schwab;

    B. Declare that the acts of Defendant Schwab alleged herein violated the statutes described herein;

    C. Enter judgment against Defendant Schwab and in favor of the Plaintiff;

    D. Enter an injunction prohibiting Defendant Schwab from disclosing account records without complying with the provisions of the statutes identified herein;

    E. Award the Plaintiff her actual, compensatory, liquidated and punitive damages;

    F. Award the Plaintiff $1,000 statutory damages per violation of her rights guaranteed under 18 U.S.C. §2703, et seq., or her actual damages, whichever is greater, as provided in 18 U.S.C. §2707(c);

    G. Award Plaintiff all costs incurred in the prosecution of this action, including reasonable attorney's fees, in accordance with 18 U.S.C. §2707(b)(3); and

    H. Enter such other and further relief as the Court deems just and proper.

Plaintiff further request trial by jury on all issues of fact herein involved.

**SECOND COUNT**
**ELECTRONIC COMMUNICATIONS PRIVACY ACT**
**MORE THAN 180 DAY ELECTRONIC STORAGE**
**18 U.S.C. 2703(A)**
**DEFENDANT SCHWAB**

22. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

23. Defendant Schwab, beginning sometime prior to September 29, 2006, did willfully and intentionally disclose to federal agents the contents of the Plaintiff's electronic fund transfer communications in electronic storage held for more than one hundred and eighty days, in violation of 18 U.S.C. § 2703(a).

24. Such disclosures by Defendant Schwab were made without either a properly issued and served process authorized under the Federal Rules of Criminal Procedures or equivalent state statute in violation of 18 U.S.C. § 2703(b).

25. Plaintiff was not given notice of the disclosures by Defendant Schwab.

26. Plaintiff has suffered actual damages as a result of Defendant Schwab's actions.

WHEREFORE, Plaintiff requests that this Court:

A. Assume jurisdiction of this action as to Defendant Schwab;

B. Declare that the acts of Defendant Schwab alleged herein violated the statutes described herein;

C. Enter judgment against Defendant Schwab and in favor of the Plaintiff;

D. Enter an injunction prohibiting Defendant Schwab from disclosing account records without complying with the provisions of the statutes identified herein;

E. Award the Plaintiff her actual, compensatory, liquidated and punitive damages;

F Award the Plaintiff $1,000 statutory damages per violation of her rights guaranteed under 18 U.S.C. §2703, et seq., or her actual damages, whichever is greater, as provided in 18 U.S.C. §2707(c);

G. Award the Plaintiff $10,000 statutory damages per violation of her rights guaranteed under 18 U.S.C. §2511 et seq., or her actual damages, whichever is greater, as provided in 18 U.S.C.§2520(c)(2)(B), plus punitive damages, as provided in 18 U.S.C.§2520(b)(2);

H. Award Plaintiff all costs incurred in the prosecution of this action, including reasonable attorney's fees, in accordance with 18 U.S.C. § 2520(b)(3), and § 2707(b)(3); and

I. Enter such other and further relief as the Court deems just and proper.

Plaintiff further request trial by jury on all issues of fact herein involved.

### THIRD COUNT
### RIGHT TO FINANCIAL PRIVACY ACT
### 12 U.S.C. §3401
### DEFENDANT SCHWAB

27. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

28. Defendant Schwab, beginning sometime prior to September 29, 2006, did willfully and intentionally disclose to federal agents the financial records or information pertaining to Plaintiff in violation of 12 U.S.C. §3417(a).

29. Plaintiff has suffered actual damages as a result of Defendant Schwab's actions.

WHEREFORE, Plaintiff requests that this Court:

A. Assume jurisdiction of this action as to Defendant Schwab;

B. Declare that the acts of Defendant Schwab alleged herein violated the statutes described herein;

C. Enter judgment against Defendant Schwab and in favor of the Plaintiff;

  D. Enter an injunction prohibiting Defendant Schwab from disclosing account records without complying with the provisions of the statutes identified herein;

  E. Award the Plaintiff her actual, compensatory, liquidated and punitive damages;

  F. Award the Plaintiff compensatory damages against Defendant Schwab in the sum to be determined upon further discovery and in accordance with 12 U.S.C. §3417(a)(2);

  G. Awarding to Plaintiff reasonable attorneys fees and the costs and disbursement of this action in accordance with 12 U.S.C. § 3417(a)(4); and

  H. Enter such other and further relief as the Court deems just and proper.

Plaintiff further request trial by jury on all issues of fact herein involved

## FOURTH COUNT
### ELECTRONIC COMMUNICATIONS PRIVACY ACT
### LESS THAN 180 DAY ELECTRONIC STORAGE
### 18 U.S.C. 2703(A)
### DEFENDANT WELLS FARGO

30. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

31. Defendant Wells Fargo, beginning sometime prior to September 29, 2006, did willfully and intentionally disclose to federal agents the contents of the Plaintiff's electronic funds transfer communications held in electronic storage for one hundred and eighty days or less, in violation of 18 U.S.C. §2703(a).

32. Such disclosures by Defendant Wells Fargo were made without either a properly issued and served warrant authorized under the Federal Rules of Criminal Procedures or equivalent state statute in violation of 18 U.S.C. § 2703(a).

33. Plaintiff has suffered actual damages as a result of Defendant Wells Fargo's actions.

WHEREFORE, Plaintiff requests that this Court:

 A. Assume jurisdiction of this action as to Defendant Wells Fargo;

 B. Declare that the acts of Defendant Wells Fargo alleged herein violated the statutes described herein;

 C. Enter judgment against Defendant Wells Fargo and in favor of the Plaintiff;

 D. Enter an injunction prohibiting Defendant Wells Fargo from disclosing account records without complying with the provisions of the statutes identified herein;

 E. Award the Plaintiff her actual, compensatory, liquidated and punitive damages;

 F. Award the Plaintiff $1,000 statutory damages per violation of her rights guaranteed under 18 U.S.C. §2703, et seq., or her actual damages, whichever is greater, as provided in 18 U.S.C. §2707(c);

 G. Award Plaintiff all costs incurred in the prosecution of this action, including reasonable attorney's fees, in accordance with 18 U.S.C. §2707(b)(3); and

 H. Enter such other and further relief as the Court deems just and proper.

Plaintiff further request trial by jury on all issues of fact herein involved.

**FIFTH COUNT**
**ELECTRONIC COMMUNICATIONS PRIVACY ACT**
**MORE THAN 180 DAY ELECTRONIC STORAGE**
**18 U.S.C. 2703(A)**
**DEFENDANT WELLS FARGO**

34. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

35. Defendant Wells Fargo, beginning sometime prior to September 29, 2006, did willfully and intentionally disclose to federal agents the contents of the Plaintiff's electronic fund transfer communications in electronic storage held for more than one hundred and eighty days, in violation of 18 U.S.C. § 2703(a).

36. Such disclosures by Defendant Wells Fargo were made without either a properly issued and served process authorized under the Federal Rules of Criminal Procedures or equivalent state statute in violation of 18 U.S.C. § 2703(b).

37. Plaintiff was not given notice of the disclosures by Defendant Wells Fargo.

38. Plaintiff has suffered actual damages as a result of Defendant Wells Fargo's actions.

WHEREFORE, Plaintiff requests that this Court:

A. Assume jurisdiction of this action as to Defendant Wells Fargo;

B. Declare that the acts of Defendant Wells Fargo alleged herein violated the statutes described herein;

C. Enter judgment against Defendant Wells Fargo and in favor of the Plaintiff;

D. Enter an injunction prohibiting Defendant Wells Fargo from disclosing account records without complying with the provisions of the statutes identified herein;

E. Award the Plaintiff her actual, compensatory, liquidated and punitive damages;

F  Award the Plaintiff $1,000 statutory damages per violation of her rights guaranteed under 18 U.S.C. §2703, et seq., or her actual damages, whichever is greater, as provided in 18 U.S.C. §2707(c);

G.  Award the Plaintiff $10,000 statutory damages per violation of her rights guaranteed under 18 U.S.C. §2511 et seq., or her actual damages, whichever is greater, as provided in 18 U.S.C.§2520(c)(2)(B), plus punitive damages, as provided in 18 U.S.C.§2520(b)(2);

H.  Award Plaintiff all costs incurred in the prosecution of this action, including reasonable attorney's fees, in accordance with 18 U.S.C. § 2520(b)(3), and § 2707(b)(3); and

I.  Enter such other and further relief as the Court deems just and proper.

Plaintiff further request trial by jury on all issues of fact herein involved.

### SIXTH COUNT
### RIGHT TO FINANCIAL PRIVACY ACT
### 12 U.S.C. §3401
### DEFENDANT WELLS FARGO

39.  The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

40.  Defendant Wells Fargo, beginning sometime prior to September 29, 2006, did willfully and intentionally disclose to federal agents the financial records or information pertaining to Plaintiff in violation of 12 U.S.C. §3417(a).

41.  Plaintiff has suffered actual damages as a result of Defendant Wells Fargo's actions.

WHEREFORE, Plaintiff requests that this Court:

A.  Assume jurisdiction of this action as to Defendant Wells Fargo;

B.  Declare that the acts of Defendant Wells Fargo alleged herein violated the statutes described herein;

C.  Enter judgment against Defendant Wells Fargo and in favor of the Plaintiff;

  D. Enter an injunction prohibiting Defendant Wells Fargo from disclosing account records without complying with the provisions of the statutes identified herein;

  E. Award the Plaintiff her actual, compensatory, liquidated and punitive damages;

  F. Award the Plaintiff compensatory damages against Defendant Wells Fargo in the sum to be determined upon further discovery and in accordance with 12 U.S.C. §3417(a)(2);

  G. Awarding to Plaintiff reasonable attorneys fees and the costs and disbursement of this action in accordance with 12 U.S.C. § 3417(a)(4); and

  H. Enter such other and further relief as the Court deems just and proper.

Plaintiff further request trial by jury on all issues of fact herein involved.

**MONTGOMERY BLAIR SIBLEY**
*Attorney for Plaintiff Deborah Jeane Palfrey*
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax: (202) 478-0371


By: _____
  Montgomery Blair Sibley
  D.C. Bar #464488

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Deborah Jeane Palfrey

### DEFENDANTS
Defendants, Charles Schwab & Co., Inc., Charles Schwab Bank, N.A. and Wells Fargo & Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Vallejo California
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Montgomery Blair Sibley
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax: (202) 478-0371

ATTORNEYS
unkn

CASE NUMBER 1:06CV01961
JUDGE: Rosemary M. Collyer
DECK TYPE: General Civil
DATE STAMP: 11/16/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP FOR PLAINTIFF AND

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊠ E. General Civil (Other)  OR  ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of 18 U.S.C. §2701 et seq., and 12 U.S.C. §3401 et seq. by the Defendants' disclosure of confidential information of Plaintiff

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 75,000+   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 11/16/2006    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.